**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| **CHERRY ANDREWS,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **vs.** | **FILE NO.: _____** |
| **JCG FOODS OF GEORGIA, LLC D/B/A KOCH FOODS,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

Plaintiff Cherry Andrews (hereinafter "Ms. Andrews" or "Plaintiff") files this Complaint against the Defendant JCG Foods of Georgia, LLC d/b/a Koch Foods (hereinafter "Koch" or "Defendant") showing the Court that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 1981A ("Title VII"), and the American with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act of 2008 (collectively referred to as the "ADA"):

## INTRODUCTION

1.

Ms. Andrews, a Koch employee since January 16, 2017, in good standing, was fired within two (2) weeks after she announced she was pregnant and pressed for temporary reasonable accommodations so she could continue to work while experiencing the side effects of her pregnancy. Her modest, reasonable, and lawful accommodation requests while continuing to work were met by Defendant with hostility and denied. Despite making every effort to remain working

during her pregnancy, Defendant terminated Ms. Andrews' employment by telling Ms. Andrews that she was a "liability due to her restrictions and pregnancy."

## PARTIES

2.

At all times relevant to this action, Ms. Andrews was a resident of the State of Georgia.

3.

At all times relevant to this action, Ms. Andrews was qualified for her position—production worker—and able to perform all of the essential functions of her position with or without a reasonable accommodation(s).

4.

At all times relevant to this action, Defendant JCG Foods of Georgia, LLC d/b/a Koch Foods was a Georgia company, providing poultry processing, subject to personal jurisdiction in Georgia, and was Ms. Andrews's employer within the meaning of Title VII and the ADA, 42 U.S.C. § 12111(5)(A).

## JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

5.

This Court's jurisdiction is proper pursuant to 28 U.S.C. § 1331 as the claims herein present a federal question.

6.

Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant resides in and conducts business in this district and division, and the unlawful actions and practices alleged herein were committed within the Middle District of Georgia.

7.

Defendant JCG Foods of Georgia, LLC d/b/a Koch Foods may be served with a summons and company of the Complaint by delivering it to its registered agent, CT Corporation System, 289 S Culver Street, Lawrenceville, Georgia 30046.

8.

Ms. Andrews has complied with all conditions precedent to the filing of this action, including filing timely charges of Charge of Discrimination with the Equal Employment Opportunity Commission (Charge No. 410-2017-05610) and received a Notice of Right to Sue, and this action has been filed within ninety (90) days of receipt of said Notice.

**FACTS**

9.

Ms. Andrews was hired by Defendant as a poultry production worker in January 2017. Ms. Andrews is a female. As part of her usual job duties, Ms. Andrews worked on Defendant's production line "rolling wings."

10.

Ms. Andrews performed her job satisfactorily, was told by co-workers and supervisors that she was doing a good job, and was seen as a good employee by Defendant.

11.

In mid-July 2017, Ms. Andrews informed Defendant that she was pregnant. After Ms. Andrew's physician advised that she needed to be under lifting restrictions not exceeding thirty pounds, and restrictions of no repetitive pulling or straining motions, Ms. Andrews took a pregnancy-related medical leave starting on July 20, 2017.

12.

On July 31, 2017, Ms. Andrew's physician released her to return to work without any restrictions. Ms. Andrews attempted to return to work on July 31, 2017 and provided Defendant her physician's return to work note, but Defendant did not accept this release nor allow Ms. Andrews to return to work. Rather, Defendant turned Ms. Andrews away and told her that she needed to provide more information about her medical restrictions.

13.

The very next day, on August 1, 2017, Ms. Andrews returned to work and provided Defendant with a medical note from her physician clearing her to return to work with a single mild restriction (e.g. no "shoulder cutting") that did not impact any of the essential functions of her job.

14.

Defendant again refused to accept this medical release and would not allow Ms. Andrews to return to work. Ms. Andrews requested she be permitted to continue working on the production line "rolling wings," without having to perform the non-essential work of "shoulder cutting." Ms. Andrews also requested to work on temporary reassignment and/or that she be permitted additional short term leave until her next follow-up visit with her physician.

15.

Defendant refused these requested accommodations, did not engage in the interactive process, and terminated Ms. Andrews on August 1, 2017, telling her she was a "liability due to her restrictions and pregnancy."

16.

Ms. Andrews' proposed accommodation of working on the production line "rolling wings" was consistent with her usual job duties of a poultry production worker, which did not require the

her to work other production lines, including "cutting shoulders". Moreover, permitting Ms. Andrews to work her usual production line of "rolling wings" without "cutting shoulders", and/or temporary assignment, and/or additional short term leave until her next follow-up visit with her physician, would not have posed any substantial difficulty or expense for Defendant.

In fact, Defendant has in the past and does currently often allow similar reasonable accommodations for other similarly situated, non-pregnant employees, who, for medical or non-medical reasons, are temporarily unable to perform for some aspect of their position.

17.

Defendant's termination of Ms. Andrews' employment, telling Ms. Andrews she was a "liability due to her restrictions and pregnancy," constitutes direct evidence of discrimination under the Pregnancy Discrimination Act and is further direct evidence that Defendant regarded Ms. Andrews as disabled in violation of the ADA.

18.

The effect of Defendant's above-stated actions has caused Ms. Andrews to suffer out-of-pocket losses, loss of employment, and mental and emotional distress for which she seeks redress. Further, Defendant is aware of its obligations under federal law, and its termination of Ms. Andrews because she was a "liability due to her restrictions and pregnancy" shows Defendant's willful and/or reckless disregard of Ms. Andrews' federally protected rights, such that Defendant is liable for punitive damages.

## <u>COUNT I:</u>
## <u>SEX DISCRIMINATION BY TERMINATION OF PLAINTIFF'S EMPLOYMENT BASED ON PREGNANCY IN VIOLATION OF TITLE VII</u>

19.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if full set forth herein.

20.

Defendant unlawfully discriminated against Ms. Andrews on the basis of her sex, which includes pregnancy, by terminating her employment because it viewed Ms. Andrews' pregnancy and pregnancy-related restrictions as "a liability," and did not want a pregnant woman working on its production line.

21.

At all relevant times to this action, Defendant acted intentionally, willfully, and in bad faith towards Ms. Andrews and with malice and reckless indifference to Ms. Andrews' federally protected rights. Defendant's intentional acts towards Ms. Andrews caused her to suffer employment termination, severe financial loss, emotional pain and suffering, inconvenience, mental anguish, and other losses.

22.

As a result of Defendant's pregnancy discrimination described herein, Ms. Andrews has suffered actual and compensatory damages, including but not limited to lost wages, back pay, from pay in lieu of reinstatement, attorney's fees, and punitive damages.

23.

Defendant, acting in bad faith, with malice or reckless disregard for Ms. Andrews' federally protected rights, have been unnecessarily and stubbornly litigious and have caused Ms. Andrews unnecessary trouble and expense for which Ms. Andrews is entitled to recover from Defendant punitive damages, reasonable attorney's fees and all expenses of litigation.

**ALTERNATIVE COUNT II:**
**DISCRIMINATION BY FAILURE TO REASONABLY ACCOMMODATE IN**
**VIOLATION OF TITLE VII**

24.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if full set forth herein.

25.

This count, discrimination by failure to reasonably accommodate in violation of Title VII, is pled in the alternative to Count I.

26.

Plaintiff is a female, was pregnant towards the end of her employment and suffered related medical conditions and was a member of classes entitled to protection pursuant to the provisions of the Title VII.

27.

From the date her pregnancy, and at all other times relevant to this litigation, Plaintiff was capable of performing the essential duties of her job as a production worker, with or without reasonable accommodation.

28.

At all times relevant to this litigation, Defendant declined and refused to make reasonable accommodations available for Plaintiff's pregnancy and, in fact, discriminated against Plaintiff because she was pregnant.

29.

Defendant, fully aware of Ms. Andrews' pregnancy, and pregnancy-related restrictions, unlawfully discriminated against Ms. Andrews as compared to other similarly situated non-pregnant employees who were given leave extensions, work limitations, and reassignments to accommodate their medical needs. By categorically refusing to make the same sorts of reasonable accommodations available to Plaintiff that the Defendant had previously made available to other

employees not affected by pregnancy but similar in ability or inability to Plaintiff at the time of Plaintiff's pregnancy, the Defendant unlawfully discriminated against Plaintiff because of Plaintiff's pregnancy, sex and/or gender in violation of Title VII.

30.

The Defendant's termination and discrimination of Plaintiff was not justified by any undue burden of reasonably accommodating Plaintiff's pregnancy.

31.

At all relevant times to this action, Defendant acted intentionally, willfully, and in bad faith towards Ms. Andrews and with malice and reckless indifference to Ms. Andrews' federally protected rights. Defendant's intentional acts towards Ms. Andrews caused her to suffer employment termination, severe financial loss, emotional pain and suffering, inconvenience, mental anguish, and other losses.

32.

As a result of Defendant's pregnancy discrimination described herein, Ms. Andrews has suffered actual and compensatory damages, including but not limited to lost wages, back pay, from pay in lieu of reinstatement, attorney's fees, and punitive damages.

33.

Defendant, acting in bad faith, with malice or reckless disregard for Ms. Andrews' federally protected rights, have been unnecessarily and stubbornly litigious and have caused Ms. Andrews unnecessary trouble and expense for which Ms. Andrews is entitled to recover from Defendant, punitive damages, reasonable attorney's fees and all expenses of litigation.

## COUNT III: DISCRIMINATION IN VIOLATION OF THE ADA

34.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if full set forth herein.

35.

At the time of her termination, Plaintiff was erroneously regarded by Defendant as disabled pursuant to, among other authority, 29 C.F.R. 1630.2(g).   Specifically, one or more of the following apply to Plaintiff in this case:  (1) she had a physical or mental impairment that did not substantially limit major life activities but was treated by an employer as constituting such limitation, and/or (2) had a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; and/or (3) had none of the impairments specified in the ADA, but is treated by an employer as having a substantially limiting impairment.

36.

To the extent Plaintiff was regarded as having a condition that limits major life activities, she was regarded as having a condition that limited performing manual labor and lifting, pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and regarded as having limited operation of major bodily functions, such as the neurological and musculoskeletal functions.

37.

By its actions set forth above, Defendant intentionally discriminated against the qualified Plaintiff Andrews because of the "myths, fears, and stereotypes associated with disabilities," or in Ms. Andrews' case, temporary medical conditions commonly associated with pregnancy.  As a direct result of Plaintiff's (regarded as) disability, Defendant terminated her employment.

38.

As a direct and proximate result of Defendant's violations of the ADA, Ms. Andrews has suffered damages as set forth in the prayer for relief below, for which Defendant is liable.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

1) Issue judgment in favor of Plaintiff, Cherry Andrews and against Defendant, JCG Foods of Georgia, LLC d/b/a Koch Foods;

2) Issue judgment in favor of Plaintiff that Defendant discriminated against Ms. Andrews on the basis of her pregnancy and pregnancy-related condition in violation of Title VII and the Pregnancy Discrimination Act;

3) Issue judgment in favor of Plaintiff that Defendant discriminated against Ms. Andrews in violation of the ADA;

4) That Plaintiff Andrews have and recover from Defendant back pay and benefits, with prejudgment interest thereon;

5) That the Court award front pay and benefits in an amount sufficient to compensate her for the loss of future salary and fringe benefits;

6) That Plaintiff Andrews have and recover compensatory damages in an amount to be determined by a jury;

7) That Plaintiff Andrews have and recover punitive damages in an amount to be determined by a jury;

8) That Plaintiff have and recover her attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988 and all other applicable federal laws; and

9) Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

**Plaintiff demands a trial by jury.**

10

This 24th day of January, 2018.

Respectfully submitted,

HILL, KERTSCHER & WHARTON, LLP

By: /s/ Douglas R. Kertscher
    Douglas R. Kertscher
    Georgia State Bar No. 416265
    Travis Cashbaugh
    Georgia State Bar No. 380162

    *Attorneys for Plaintiff*

3350 Riverwood Parkway
Suite 800
Atlanta, Georgia 30339
Telephone:    770-953-0995
Facsimile:    770-953-1358
E-mail:    drk@hkw-law.com
    tc@hkw-law.com