# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| CHERRY ANDREWS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CASE NO: 4:18-cv-00016-CDL |
| ) | |
| JCG FOODS OF GEORGIA, LLC ) | |
| D/B/A KOCH FOODS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The parties hereto having consented through their respective attorneys to the entry of this Confidentiality Agreement and Protective Order in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

The following provisions shall govern the pretrial disclosure and use by the parties of all documents, electronically stored information, testimony, and other information given during the course of discovery that a party in good faith contends is kept as confidential or as a trade secret.

1.     The parties acknowledge that they will be exchanging documents and information solely because they are parties to the above-captioned proceeding and during the course of anticipated litigation and thus agree that all information

exchanged between them will be used only for purposes of this litigation between the parties hereto and for no other purpose.

2. The parties also acknowledge that it is possible they will produce and/or otherwise disclose in this litigation information that is confidential or proprietary.

3. "Information" is defined broadly to include information in any form, whether provided in response to a request for information, in documents, in settlement discussions, or in testimony. "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape, or otherwise.

4. Counsel for any party can designate confidential or proprietary information that is a) not in the public domain and b) if that that a party in good faith contends that the information is kept as confidential or as a trade secret. The party may so designate such information as "confidential" by marking each page as such, in which event such information shall be treated as follows:

(a) Confidential information may not be shown or disclosed to any person other than: (i) counsel to a party, including paralegals, secretaries and support personnel working for that attorney on this litigation; (ii) a party to the litigation, including immediate family members and those employed by the party who are involved in the facts underlying the litigation or involved in the prosecution or defense of the litigation and who counsel to the party believes should have access

to the information, provided that such persons understand the need to maintain the confidentiality of the information; (iii) experts retained by or on behalf of the party, provided such expert agrees to abide by the terms of this confidentiality agreement and order as evidenced by his or her signature on the form annexed hereto as Exhibit A; (iv) arbitrators, judges, court reporters, jurors, and employees of the arbitrator who are participating in the hearing of this litigation; and (v) witnesses who are expected to testify during the litigation or hearing of this case or any related litigation between the parties hereto, and any potential witnesses to the extent necessary to interview, prepare the witness for testimony, or question the witness, provided that such witnesses or potential witnesses who are not employees of a party to this litigation agree to abide by the terms of this confidentiality agreement as evidenced by his or her signature on the form annexed hereto as Exhibit A.

(b) After the conclusion of the litigation or any related litigation between the parties, all confidential information that is in physical tangible form shall be destroyed or returned to the party designating the information as confidential.

5. Any party that in good faith contends the information sought is kept as confidential or as a trade secret can designate information produced in the litigation as "confidential." The party shall do so in the following manner:

(a) If the information is a document and is produced by the party seeking to designate the information as confidential, the party shall mark the document as confidential on the face of the document. The parties shall not make mass or indiscriminate confidentiality designations. If the information is in a document produced by someone other than the party seeking to designate the document as confidential, the party seeking to designate the information as confidential shall notify the other parties to the litigation in writing that it considers the information confidential and the adverse parties receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

(b) If the information is contained in a response to a request for information or other interrogatory by the party seeking confidential treatment, the party shall designate the response as confidential when responding to the request. If the information is contained in a response by someone other than the party seeking confidential treatment, the party seeking to designate the information as confidential shall notify

the other parties to the litigation in writing within seven (7) days of said response that it considers the information confidential, and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

(c) If the confidential information is contained in testimony offered at the hearing of the case or otherwise, the party seeking to designate the information as confidential shall do so on the record at the time the testimony is offered or sometime during the deposition.

6. Information inadvertently disclosed without being designated confidential and information disclosed prior to the execution and entry of this Confidentiality Agreement and Protective Order may thereafter be designated confidential by promptly notifying the parties receiving the information in writing that such information is confidential, and the receiving parties shall thereafter treat the information as confidential and shall take the steps they deem reasonably necessary to ensure that others who receive the information treat it as confidential.

7. If any party to the litigation receives from a third party a subpoena, discovery request, or other demand for confidential information disclosed in this litigation, the party receiving the subpoena, discovery request, or other demand for confidential information shall immediately notify the party who demanded

confidential treatment that it has received a demand for the information to allow the party who designated the information as confidential to seek a protective order or other limitation by the Court on disclosure of the confidential information. This Confidentiality Agreement and Protective Order shall not prohibit any party hereto from responding to subpoenas that are valid and enforceable under the law applicable to this proceeding as issued by a court of law having jurisdiction over the party receiving the subpoena, or from responding to a request for documents or information by a governmental agency or self-regulatory organization having jurisdiction over a party in this proceeding. Any party who receives such a subpoena (other than from a regulatory or self-regulatory organization) must provide a copy of the subpoena to all other parties upon receipt of the subpoena.

8.  This agreement to keep information confidential shall not be construed as an acknowledgment that such information is confidential, and the agreement to maintain confidentiality shall not be offered or used to support a position that the information is in fact confidential.

9.  The designation of information as confidential shall constitute a certification that the party seeking confidentiality believes in good faith that the information is kept confidential and is not in the public domain, that restrictions on disclosure are otherwise necessary to protect the privacy interests of individuals, and that other good cause exists under applicable law to restrict access to the information. Disclosure of confidential information pursuant to this Confidentiality Agreement

and Protective Order shall not be construed as a waiver of the confidentiality of the information.

10. If any party believes that information has been improperly designated as confidential and seeks to challenge that designation, it shall first confer with the party that designated the information as confidential to resolve the dispute without the intervention of the Court. If it is not possible to resolve the dispute, the party seeking to have the confidentiality designation removed shall make a motion to the Court. However, the burden shall be on the party designating the information as confidential to justify why the information is entitled to confidential treatment. The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential.

11. The parties producing information in this litigation are relying upon this Confidentiality Agreement and Protective Order, and therefore it may not be modified except by mutual agreement of the parties.

12. This agreement shall be governed by the Federal Rules of Civil Procedure and applicable federal and/or state case law.

Dated: May 2, 2018

BY THE COURT:

S/ Clay D. Land
Hon. Clay D. Land
Chief U.S. District Judge

AGREED AND ACCEPTED:

By: */s/ Douglas R. Kertscher*      */s/ Janell M. Ahnert*
Douglas R. Kertscher     Janell M. Ahnert, Esq.

| | |
|---|---|
| HILL, KERTSCHER & WHARTON, LLP | BRESSLER, AMERY & ROSS, PC |
| 3350 Riverwood Parkway | 2001 Park Place |
| Suite 800 | Suite 1500 |
| Atlanta, GA 30339 | Birmingham, Alabama 35203 |
| Tel. (770) 953-0995 | Tel. (205) 719-0400 |
| Fax (770) 953-1358 | Fax (205) 719-0500 |
| drk@hkw-law.com | jahnert@bressler.com |
| *Attorney for Plaintiff* | *Attorney for Defendant Koch Foods of Pine Mountain Valley, LLC* |

# EXHIBIT A
# AGREEMENT TO MAINTAIN CONFIDENTIALITY

I have read the Confidentiality Agreement and Protective Order, attached hereto, in the *Cherry Andrews v. JCG Foods of Georgia LLC, d/b/a Koch Foods* proceeding and agree to abide by its terms and to use any information that I receive in connection with that litigation solely for purposes of that litigation and any related litigation between the parties and to maintain the confidentiality of any information so designated. I submit to the jurisdiction of the governing court in this case and to the courts of Georgia for purposes of the enforcement of this Confidentiality Agreement and Protective Order.

_____